**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PINE BLUFF SAND AND GRAVEL COMPANY**<br><br>**VERSUS**<br><br>**BELLE PASS MARINE TRANSPORTATION, LLC, PELICAN MARINE LOGISTICS, LLC, RIGID CONSTRUCTORS, LLC and THE *M/V MISS PEYTON*, her engines, tackle, apparel, furniture, appurtenances, etc., *in rem*** | **CIVIL ACTION NO.**<br><br>**SECTION:**<br><br>**JUDGE**<br><br>**MAGISTRATE** |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Pine Bluff Sand and Gravel Company, which files this Complaint against Defendants, Belle Pass Marine Transportation, LLC, Pelican Marine Logistics, LLC, Rigid Constructors, LLC and the *M/V Miss Peyton* and alleges as follows:

Parties

1. Plaintiff, Pine Bluff Sand and Gravel Company (hereinafter "Pine Bluff") is an Arkansas-based company with its principal place of business in White Hall, Arkansas.
2. Defendant, Belle Pass Marine Transportation, LLC ("Belle Pass") is a Louisiana limited liability company with its registered office and principal place of business in the Parish of Lafourche, State of Louisiana.

3. Defendant, Pelican Marine Logistics, LLC ("Pelican") is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Ascension, State of Louisiana.

4. Defendant, Rigid Constructors, LLC ("Rigid"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Vermilion, State of Louisiana.

5. Defendant, the *M/V Miss Peyton*, is an inland towing vessel operating under the flag of the United States of America, Official No. 633411, and upon information and belief, is now located within the jurisdiction of this Honorable Court, and she is or will be within this District while this action is pending.

6. Belle Pass, Pelican, Rigid, and the *Miss Peyton* are hereinafter collectively referred to as "Defendants."

## Jurisdiction

7. The torts and contracts at issue involve maritime allisions, maritime agreements, and involved the *Miss Peyton* during a voyage on the navigable waterways of the United States. Pine Bluff's claims against Rigid also arise under a charter of barges, which is a maritime contract. As such, this case is brought under the Court's Admiralty and Maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and pursuant to Rule C of the Supplemental Rules for Admiralty.

## Venue

8. Venue is proper in this Court because Defendant, Belle Pass, is domiciled within the jurisdiction of this Court.

9. Venue is also proper in this Court because Defendant, the *Miss Peyton*, is located within the jurisdiction of this Court at the time of the filing of this Complaint.

## Facts and Allegations

10. At all times pertinent hereto, Pine Bluff was the owner of several barges, which were in the exclusive care, custody, and control of Defendants. Each barge was without propulsion, steering, or crew of its own.

11. Upon information and belief, Belle Pass was the registered owner of the *Miss Peyton* at all times pertinent hereto.

12. Upon information and belief, Pelican was the operator and/or owner *pro hac vice* of the *Miss Peyton* at all times pertinent hereto.

13. Upon information and belief, Rigid is the sole member or owner of Pelican, and Pelican acted as Rigid's agent in towing the barges. Alternatively, Rigid was the operator and/or owner *pro hac vice* of the *Miss Peyton* at all times pertinent hereto.

14. At all relevant times hereto, Pine Bluff and Rigid had in place a contract or contracts whereby Rigid was permitted operation and use of Pine Bluff barges for the purpose of transporting, delivering, and offloading aggregate (the "Contract").

15. Pursuant to the Contract, Rigid took possession of several Pine Bluff barges for the purpose of transporting, delivering, and offloading aggregate.

16. On or about May 2, 2026, the *Miss Peyton* was transiting the Gulf Intracoastal Waterway and arrived at the Calcasieu Lock (the "Lock") with several Pine Bluff barges in tow.

17. Pursuant to the terms of the aforementioned agreements and under the applicable law, Defendants were required to maintain and preserve the barges, in a good condition, working order and repair as when the barges were first delivered by Pine Bluff.

18. While entering the Lock forebay, the *Miss Peyton* and/or her operator, negligently caused her lead starboard barge to allide with the northeast Lock longwall. The allision caused damage to the Lock longwall and Pine Bluff's barges.

19. The allision was caused solely as a result of the fault and/or neglect of Defendants, or their agents, owners, masters and crew, from whom Defendants are vicariously responsible, in the following non-exclusive respect:

    a. Failing to provide a safe, seaworthy, and properly maintained and manned vessel appropriate to the responsibility undertaken by Defendants;

    b. Failing to properly maintain a vessel;

    c. Failing to provide a competent captain and crew;

    d. Failure to comply with the Inland Navigation Rules;

    e. Failure to comply with the regulations governing the use and navigation of the Lock;

    f. Failing to exercise due care to avoid the allision;

    g. Failing to maintain a proper lookout and to proceed at a safe speed on the approach to the Lock;

    h. Failing to align the flotilla properly for entry into the Lock forebay and to account for wind, current, and set;

i. Failing to inspect, maintain, and repair the vessel's steering and propulsion systems, and failing to comply with the inspection, maintenance, and safety management requirements applicable to towing vessels;

j. Losing control due to a failure and/or malfunction of equipment aboard the vessel; and

k. All other negligent acts and/or omissions that will be shown at the trial of this matter.

20. As a result of the allision, Pine Bluff's barges were damaged.

21. As a result of the allision, Pine Bluff and its barges have been notified by the United States Army Corps of Engineers ("USACOE") of its claim in the amount of $156,057.84 against Pine Bluff's barges.

22. Pine Bluff has made demand upon Defendants for satisfaction of the USACOE's claim and Pine Bluff's damaged barge(s). Despite amicable demand, Defendants have not responded, subjecting Pine Bluff to additional costs, penalties, and fees associated with the allision.

<u>Damages</u>

23. Defendants are liable in tort and in contract for all damages sustained by Pine Bluff, including but not limited to:

a. Contribution and indemnity from Defendants for the $156,057.84 USACOE claim, as well as any other sums, fees, fines, penalties, or damages related thereto.

b. All amounts related to the damage to its barge(s), including, but not limited to: repair costs, loss of use and/or charter hire, fleeting expenses, offloading expenses, loss of profits, replacement costs, and all other damages which will be proven at trial.

c. Pre and post-judgment interest and costs of court.

d. All other sums which will be shown at the trial of this matter. Because Pine Bluff's damages are ongoing, a sum certain is neither required nor pled. Pine Bluff will prove its damages at trial.

24. Pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31301, Pine Bluff has a maritime tort lien against the *Miss Peyton*, *in rem*, which it is asserting herein and is entitled to have this Court recognize and seeks judgment against the vessel herein for all damages, plus interest, cost and attorney's fees.

25. Defendants are liable to Pine Bluff jointly, severally, and *in solido* for all damages asserted herein.

**WHEREFORE,** Plaintiff, Pine Bluff Sand and Gravel Company, prays that summons be issued and served upon Defendants, Belle Pass Marine Transportation, LLC, Pelican Marine Logistics, LLC, Rigid Constructors, LLC, and the *M/V Miss Peyton* in the form and manner prescribed by law, and that after due proceedings are had, judgment be entered in favor of Pine Bluff Sand and Gravel Company and against Belle Pass Marine Transportation, LLC, Pelican Marine Logistics, LLC, Rigid Constructors, LLC, and the *M/V Miss Peyton*, for all damages sustained herein, plus interest, cost and attorney's fees.

Complainant further prays that its maritime tort lien against the *M/V Miss Peyton*, *in rem*, be recognized by the Court and seeks judgment against the vessel herein for all

damages, plus interest, cost and attorney's fees and that the *M/V Miss Peyton*, her engines, tackle, apparel, etc, be seized, condemned and sold to pay such sums, and for such other general and equitable relief as this Honorable Court deems proper.

Respectfully submitted:

MICHAEL T. NEUNER (#36605)
KATHRYN L. BRIUGLIO (#40291)
CARTER SAYERS (#38887)
MOULEDOUX, BLAND, LEGRAND &
BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail: mneuner@mblb.com
kbriuglio@mblb.com
csayers@mblb.com